UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BDP INTERNATIONAL, INC. and IDEKE SHIPPING LIMITED<br><br>v.<br><br>INDUSTRIAL MARITIME CARRIERS, LLC | CIVIL ACTION<br><br>NO.<br><br>SECTION<br><br>JUDGE<br><br>MAGISTRATE |

## MARITIME COMPLAINT FOR POSSESSION OF CARGO, DAMAGES FOR CONVERSION OF CARGO, AND FOR DECLARATORY RELIEF

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs BDP International, in its own behalf and as agent for IDEKE Shipping Limited, and IDEKE Shipping Limited, and file this Complaint seeking repossession of its cargo carried aboard Defendant's vessel, and for damages for conversion of said cargo, and for declaratory relief as follows:

1.

BDP International, Inc. (hereinafter "BDP") is a Federal Maritime Commission (FMC) licensed freight forwarder, incorporated under the laws of the State of Pennsylvania, with a principal place of business in Philadelphia, Pennsylvania.

2.

IDEKE Shipping Limited (hereinafter "IDEKE") is a Nigerian corporation, with a principal place of business in Port Harcourt, Nigeria.

3.

Defendant, Industrial Maritime Carriers, LLC, a Louisiana corporation, with a principal place of business in Houston, Texas, is a common carrier for ocean transportation of cargo, operating at all material times the M/V INDUSTRIAL DESTINY.

4.

This is an admiralty and maritime claim, pursuant to 28 USC § 1333, F. R. Civ. Proc. Rule 9(h), and Rule D, of the F. R. Civ. Proc. Supplemental Rules for Admiralty or Maritime Claims.

5.

This action for declaratory judgment is brought pursuant to 28 USC § 2201.  An actual controversy exists in regard to possession of maritime cargo and/or conversion of said cargo by Defendant.

6.

Alternatively, this Court further has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332, in that this matter involves diverse parties and the amount in controversy is in excess of $75,000.

7.

Venue is proper in this Court pursuant to the choice of law and jurisdiction clause in the ocean Bill of Lading (Clause 4) issued by the defendant in regard to plaintiffs' cargo, which provides for venue in this District and states "…any dispute arising out of or in connection with this Contract shall be exclusively determined by the United States District Court for the Eastern District of Louisiana. . .".

8.

IDEKE Shipping Limited is the owner of the pushboat ROGER K, approximately 56 feet in length, 20 feet in beam, and 1,200,000 kilograms in weight. The ROGER K was delivered to the defendant for ocean carriage on board M/V INDUSTRIAL DESTINY from Houston, Texas, to Port Harcourt, Nigeria, or to Warri, Nigeria, per the Booking Note or ocean Bill of Lading and described below.

9.

Plaintiff BDP International, Inc. is a freight forwarder that arranged such transportation for its client, IDEKE, via Yacht Path Marine Group / Unity Shipping Lines, Inc., both of which have now filed for Chapter 11 bankruptcy in the United States Bankruptcy Court, Southern District of Florida, case numbers 13-16261-PGH and 13-16222-PGH. BDP asserts these claims on its own behalf as having paid the ocean freight for its customer IDEKE and as agent in fact for IDEKE.

10.

Unity Shipping Lines, Inc., agreed to transport said cargo to Port Harcourt, Nigeria, for ocean freight and wharfage charges of $125,750, per Booking Note dated November 30, 2012. A copy of which is annexed hereto as Exhibit "A".

11.

Defendant Industrial Maritime Carriers acknowledged receipt of said cargo in good order and condition in Houston, Texas, on board its M/V INDUSTRIAL DESTINY, by issuing its ocean, freight prepaid, Bill of Lading, dated December 27, 2012, for carriage on deck to Nigeria, identifying the port of discharge as Warri, Nigeria. A copy of the Bill of Lading is annexed hereto as Exhibit "B" (front and back).

12.

The aforesaid ocean Bill of Lading contains a law and forum selection clause, namely article 4, which provides in part: "4. Law and Jurisdiction.  Whenever U.S. COGSA applies, whether by virtue of carriage of cargo to or from the United States of America . . . any dispute arising out of or in connection with this Contract shall be exclusively determined by the United States District Court for the Eastern District of Louisiana, and in accordance with the laws of the United States. . . ".

13.

BDP, as freight forwarder for cargo owner IDEKE, paid the ocean freight of $125,750 to Industrial Maritime Carriers' agent Unity Shipping Lines, as evidenced by Unity Shipping's invoice number 5666, dated November 29, 2012, and stamped "paid" on December 6, 2012, showing no balance due.  A copy of which is annexed hereto as Exhibit "C".

14.

After arrival of the M/V INDUSTRIAL DESTINY in Nigeria and discharge of plaintiffs' cargo, the local agent (Supermaritime (Nigeria) Ltd.) for the vessel and defendant Industrial Maritime Carriers made demand upon plaintiffs for payment of the ocean freight charges before the release of the cargo to IDEKE.  Industrial Maritime Carriers claims that it has not been paid the ocean freight received by its agent Unity Shipping Lines and therefore has asserted a maritime freight lien on the cargo and has threatened to sell same in Nigeria.

15.

The fair market value of the cargo is approximately $4.5 million, far in excess of the ocean freight and wharfage charges ($125,750 .00) paid by BDP to Industrial Maritime Carriers' agent, Unity Shipping Lines.

16.

Plaintiffs allege, on information and belief, that defendant Industrial Maritime Carriers has duly received the ocean freight payment made by BDP, in behalf of IDEKE, or, in the alternative, that Defendant Industrial Maritime Carriers has established a course of dealing with Unity Shipping Lines and the intermediary, Yacht Path Marine Group, both of which are <u>not</u> Federal Maritime Commission (FMC) licensed Ocean Transportation Intermediaries (OTI), thus making Unity Shipping Lines and Yacht Path Marine Group Industrial Maritime Carriers' agent(s) for receipt of the ocean freight paid by BDP.  As a common carrier, Industrial Maritime Carriers' use of such agent(s) is a violation of the Shipping Act of 1984, 46 USC § 41104.

17.

Plaintiffs allege that the Defendant has converted Plaintiffs' cargo by refusing to deliver it in Nigeria and by asserting a maritime lien for freight charges on it and threatening to sell it in Nigeria.

18.

Plaintiffs alleged that the Defendant's actions are a breach of the terms of the ocean Bill of Lading issued by it and that Plaintiffs are entitled to all damages arising from the Defendant's failure to deliver the cargo to IDEKE, including demurrage costs, attorney's fees, and punitive damages.

19.

Plaintiffs also request a Declaratory Judgment that Defendant or its agent(s) have no right to sell plaintiffs' cargo and that they possess no maritime lien on said cargo.

20.

As the legal owner(s) of the vessel ROGER K. who have been wrongfully deprived of its possession, Plaintiffs further assert a possessory claim pursuant to Rule D of the F. R. Civ. Proc. Supplemental Rules for Admiralty or Maritime Claims. Plaintiffs acknowledge that Rule D contemplates the property in question being within the jurisdiction of this court, *in rem*, and that process and notice shall be by Warrant of Arrest pursuant to F. R. Civ. Proc. Supplemental Admiralty Rule B(2). Nevertheless, Plaintiffs submit that the choice of venue clause in the defendant's ocean Bill of Lading is in effect an agreement by Defendant to submit to the jurisdiction of this Court for determination of any issues as to "possession" of the cargo, without the need for process and notice through a Rule B Warrant of Arrest.

21.

Pursuant to the Declaratory Judgment Act, Plaintiffs allege that Defendant is liable for all costs of these proceedings, including attorney's fees.

WHEREFORE, Plaintiffs pray that, after due proceedings are had:

1. Defendant appears and Answer this Complaint;

2. The Court enter Judgment against Defendant for all damages, including punitive damages, arising from the conversion of Plaintiffs' cargo;

3. The Court declare that Plaintiff IDEKE is entitled to immediate possession of the cargo, now in Nigeria;

4. The Court declare that Defendant had no maritime lien claims for freight, or any other charges, against Plaintiffs' cargo;

5. The Court grant Judgment against Defendant in favor of Plaintiffs for all costs and expenses of this proceeding, including attorneys' fees.

6. The Court grant such further relief which justice and equity require.

Respectfully Submitted,

/s/ Walter P. Maestri
Kermit L. Roux III (#23280)
Francis J. Barry, Jr. (#02830)
Walter P. Maestri (#25776)
Paul D. Hale (#30539)
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  (504) 581-5141
kroux@dkslaw.com
fbarry@dkslaw.com
wmaestri@dkslaw.com
phale@dkslaw.com

**Attorneys for BDP International, Inc. and IDEKE Shipping Limited**

**PLEASE SERVE:**

Industrial Maritime Carrier, LLC
Through its agent for service of process,
c/o CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, Louisiana 70808